IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 APR 21 PM 1:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARK COLE,

    Plaintiff

vs.

CITY OF GUIN, ALABAMA, ET AL.,

    Defendants

CIVIL ACTION NO. *cho*

94-AR-2799-S

**ENTERED**

APR 2 1 1997

### MEMORANDUM OPINION

On April 17, 1997, a jury rendered verdicts in favor of City of Guin and Willie Mills, defendants in the above-entitled case, and against plaintiff, Mark Cole.  Both at the conclusion of plaintiff's case and at the close of the evidence, the court received and took under advisement motions submitted by both defendants for judgment as a matter of law pursuant to Rule 50, F.R.Civ.P.

Although the said Rule 50 motions may be deemed moot as a result of the jury verdicts, the court, which indicated earlier its belief that the motions, in particular the motion of the City of Guin, had serious merit, now wishes to express its opinion that the motion by the City should have been granted and the motion by Mills should have been partially granted.  Both would have thus been granted had the verdicts been different.

69

As to the City of Guin, there was insufficient evidence to meet the test of *Boeing v. Shipman*, 411 F.2d 365 (5th Cir. 1969), to prove a custom or practice by the City of failing adequately to train its police officers. This was plaintiff's only viable theory against the City. Auxiliary Officer Mills was, at the time of the incident complained of, attending the police academy as required by the law of Alabama, even though he had not finished the course. There is no Alabama legal requirement, or United States Constitution requirement, that an unsworn officer must be taught never to carry a gun while on duty and never to assist in making an arrest unless and until sworn. If such principles should be a part of adequate police training, every municipality would flunk the test. Even assuming that such requirements exist, the proof would have to be that the shortcoming was pervasive and not simply inadequate in relation to a particular officer, in this case, Mills. There was no substantial proof of any such a failure. It would call for speculation in order to form a belief of such a policy.

As to the case against Mills, the court denied his defense of qualified immunity from which he unsuccessfully appealed. The reason this court denied him qualified immunity is that at the time there was a conflict in the evidence as to how this particular shooting occurred. Mills said it was an accident. Cole said, somewhat speculatively, that it was deliberate. The jury has now

2

resolved this issue. Cole's alternative theory against Mills was that the mere carrying of an unholstered hand gun outside the eyesight of a supervising sworn officer and/or the mere attempt by an unsworn officer to arrest without being in the eyesight of a sworn officer was a violation of substantive due process. Although the court gave to the jury the question of whether Mills was acting under the direct supervision of a sworn officer, this court finds that, as a matter of fact and law, Mills was acting under the direct supervision of a sworn officer and therefore, at least as to this plaintiff's theory, was entitled to qualified immunity because there was and is no well-understood basis for Mills to form a belief that just because his companion, a sworn officer, has gone out of his area of eye contact during an attempted arrest, he cannot continue to search and assist. This court finds that under the admitted circumstances, Mills was still under the direct supervision of a sworn officer at the time of the events complained of and, as to that theory of liability, was entitled to qualified immunity.

A separate final judgment will be entered.

DONE this 21st day of April, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE